UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHANA HECHT,<br>        *Plaintiff,*<br>    *v.*<br>GREEN TREE SERVICING, LLC,<br>        *Defendant.* | Civil No. 3:12cv498(JBA)<br><br>January 15, 2013 |

**RULING ON MOTION TO DISMISS**

Plaintiff Chana Hecht filed suit against Defendant Green Tree Servicing, LLC, a Delaware limited liability corporation that regularly conducts business in Connecticut, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g and 1692e.[1] Defendant moves [Doc. # 21] to dismiss Plaintiff's Amended Complaint [Doc. # 16] for failure to state a claim. For the reasons discussed below, Defendant's motion will be denied.

**I.    Factual Allegations**

The parties do not dispute that Plaintiff is a "consumer" and Defendant is a "debt collector" within the statutory definitions of the FDCPA, and that the FDCPA applies to this action. *See* 15 U.S.C. §§ 1692a(3),(6). Sometime after March 22, 2012, Plaintiff received a letter dated March 22, 2012 from Defendant which stated:

> AS OF 1/20/2012 YOU OWE $72,591.82. BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE,

---

[1] Plaintiff brings the action as a class action on behalf of "plaintiff and all consumers and their successors in interest (the 'Class') who have received similar debt collection notices and/or letters from defendant as of one year prior to the filing of plaintiff's complaint until the present." (Am. Compl. ¶ 11.) However, for the purposes of this motion to dismiss, whether the action is or is not properly maintained as a class action is not at issue.

AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION, CONTACT CUSTOMER SERVICE AT THE ADDRESS OR TOLL–FREE NUMBER LISTED ABOVE.

(Mar. 22, 2012 Letter, Ex. A to Am. Compl.)

Plaintiff asserts that under the FDCPA Defendant was "required to inform [her] of the amount that was owed as of March 22, 2012," but that "[a]ccording to the defendant's records the amount that was owed by the plaintiff on March 22, 2012" (Am. Compl. ¶ 28), adding interest and late charges, exceeded that figure of $72,591.82 such that Defendant "was attempting to collect amounts from the plaintiff in excess of the stated 72,591.82" (*id.* ¶ 29). Plaintiff maintains that the language of Defendant's letter reasonably implies either of two mutually exclusive debts: (1) that as of March 22, 2012, Plaintiff would satisfy her debt by paying $72,591.82 (*id.* ¶ 31), or (2) the stated figure of $72,591.82  was only what was owed on January 20, 2012, but more was owed as of March 22, 2012. (*Id.* ¶ 32.)

## II.    Discussion[2]

"The Fair Debt Collection Practices Act establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although detailed allegations are not required, a claim will be found facially plausible only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations are not sufficient. *Id.* at 678–79; *see also* Fed. R. Civ. P. 12(b)(6).

15 U.S.C. § 1692e prohibits any debt collector from "us[ing] any false, deceptive or misleading representation or means in connection with the collection of any debt," and requires that, within five days of a debt collector's initial communication with the consumer, the debt collector must

> send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed;(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;(4) a statement that if the consumer notifies the debt collector in writing within the thirty–day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(a)(1)–(4).

In other words, unless a debt collector conveys this statutorily–required information, it violates the Act. Furthermore, "[e]ven if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *DeSantis*, 269 F.3d at 161. The question of whether a debt collector's communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); *see also Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). The Second Circuit also emphasizes, however, that "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness. . . . [and] consistently applied the least–sophisticated–consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993); *see also Beauchamp v.*

*Financial Recovery Services, Inc.*, No. 10 Civ. 4864(SAS), 2011 WL 891320, at *2 ("Thus, the FDCPA does not aid consumers whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'" (citing *Clomon*, 988 F.2d at 1320)).

At oral argument, the parties agreed that the March 22, 2012 letter constitutes an "initial communication" and a "written notice" as contemplated under § 1692g. In its motion to dismiss, Defendant asserts that the March 22, 2012 letter was not "false, deceptive, or misleading," and that its substance did convey the information clearly and effectively, and thus, that Plaintiff has failed to state a claim for a violation of the FDCPA. (Def.'s Mem. Supp. [Doc. # 22] at 4.)

Plaintiff relies on *Dragon v. I.C. System, Inc.*, 483 F. Supp. 2d 198 (D. Conn. 2007), in which this Court granted summary judgment to the Plaintiff where

> not only did the collection notice not specifically indicate the date as of which the 'BALANCE DUE' amount was the full amount of the debt, it also was potentially misleading for the 'least sophisticated consumer' who could readily conclude that the total amount stated as due ($136.64) was due at any time, when in fact it was not and was subject to adjustment by Dell on a periodic basis.

483 F. Supp. 2d at 203. However, *Dragon's* reasoning is not wholly applicable to this case, where Defendant's collection notice letter stated that as of January 20, 2012, Plaintiff owed $72,591.82 and that that amount was subject to "adjustment" because of "interest." (*See* Mar. 22, 2012 Letter, Ex. A to Am. Compl.)

In support of its motion to dismiss, Defendant relies on the "safe harbor" language prescribed by Judge Posner in *Miller v. McCalla, Padrick, Cobb, Nichols, and*

*Clark, LLC*, 214 F. 3d 872, 876 (7th Cir. 2000), which it claims its notice letter closely tracked.[3] There, the Seventh Circuit specified:

> We hold that the following statement satisfies the debt collector's duty to state the amount of the debt in cases like this where the amount varies from day to day: "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800- [phone number]." A debt collector who uses this form will not violate the "amount of the debt" provision, provided, of course, that the information he furnishes is accurate and he does not obscure it by adding confusing other information (or misinformation).

*Id.* at 876.

The Defendant's notice letter at issue here, however, did not use a verbatim recitation of the *Miller* safe harbor provision. Instead, it conveyed only the specific debt amount owed two months before the letter was sent without calculating the amount owed as a result of two months' additional interest, notwithstanding *Miller*'s observation that the defendants "certainly" could "state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." 214 F.3d at 875–76.

In *Jones v. Midland Funding, LLC*, 775 F. Supp. 2d 393 (D. Conn. 2010), Judge Chatigny noted that:

> Some courts have held that a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. . . .

---

[3] *Miller* was cited in *Dragon* and in later cases in this District. *See, e.g.*, *Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010); *Register v. Reiner, Reiner & Bendett, PC*, 488 F. Supp. 2d 143, 149 (D. Conn. 2007).

5

> More recently, other courts have held that a validation notice satisfies the
> statute if it [only] states the total amount of the debt (including interest
> and any other charges) as of the date the letter is sent.

*Jones v. Midland Funding, LLC*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010) *adhered to on reconsideration*, 3:08-CV-802 RNC, 2012 WL 1204716 (D. Conn. Apr. 11, 2012) (collecting cases). Plaintiff over–reads *Jones* for the proposition that a collection notice satisfies the "amount of debt" requirement of § 1692g(a) only if it states the total amount of the debt *as of the date the letter is sent.* At issue in *Jones*, however, was whether the letter that disclosed the amount of debt but lacked disclosure of the fact of interest accrual satisfied § 1692g(a), and the court concluded it did not. *Id.* at 398.

Defendant references one Northern District of Illinois case that acknowledged *Miller*'s safe harbor language, but concluded that letters which state the amount due as of *a specific date*, different from the date of the letter, met the requirements of § 1692g(a). *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 893 (N.D. Ill. 2002). However, *Jolly* relied on *Barlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997), for its conclusion about the requirements of § 1692g(a), and *Bartlett* was construing § 1692g(b), a provision not at issue here.[4] Because *Bartlett*'s safe harbor formulation was focused on a different provision of § 1692g, the Court views *Miller*'s safe harbor language, which was specifically tailored to the "amount of debt" provision of § 1692g(a) at issue in this case, as providing greater guidance.

---

[4] In *Bartlett*, Judge Posner, writing for the court, devised a "safe harbor" sample letter that would meet the requirements of the statutory provision that pertains to § 1692g(b)—a consumer's right to dispute the debt owed within 30 days after receipt of the dunning letter. The *Bartlett* sample letter states that "I have been retained by [name of debt collector] to collect from you the entire balance, which as of September 25, 1995, was $1,656.90." 128 F.3d at 501–02. *Bartlett* also emphasized that the safe harbor language it suggested was not intended to be insulation "against challenges based on other provisions of the statute; those provisions are not before us." 128 F.3d at 501.

The issue of whether circumstances could exist in which the "amount of debt" requirement is satisfied with a dunning letter stating the amount of debt owed as of a specific date prior to the date on the letter is not presented in this case, because the Court finds that the letter stating that the "amount due on the day you pay *may be greater*" does not clearly inform the least sophisticated consumer of the "amount of the debt" owed as of the date the letter was received.[5] This language would be unlikely to give a consumer certainty as to whether she owed more than what was due as of January 20, 2012, or whether her payment of the amount disclosed on March 22, 2012 would have satisfied her debt. In short, this letter may be reasonably read to have two different meanings, and thus be "deceptive."  *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). Thus, this Complaint plausibly states a claim for a violation of § 1692g(a).

## III.   Conclusion

For the reasons discussed above, Defendant's motion [Doc. # 21] to dismiss is DENIED.


IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 15th day of January, 2013.

---

[5] At oral argument, even counsel for Defendant was unable to inform the Court as to the amount that was owed as of March 22, 2012. If such a "sophisticated" consumer cannot determine the amount of debt owed based on the letter sent, it is unlikely that the "least sophisticated consumer" would be more discerning.